MSM/EGW: USAO 2022R00498

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. LKG-25-252 |
| ▮▮▮▮▮▮▮▮▮▮▮▮<br>**AYODEJI ESOSA OMOKORE**▮<br>▮▮▮▮▮▮▮▮▮▮▮▮<br>**Defendants** | * (Conspiracy to Commit Bank Fraud,<br>18 U.S.C. § 1349; Bank Fraud,<br>18 U.S.C. § 1344; Conspiracy to<br>Commit Money Laundering,<br>18 U.S.C. § 1956(h);<br>Money Laundering,<br>18 U.S.C. § 1956(a)(1)(B)(i);<br>Forfeiture, 18 U.S.C. § 981(a)(1)(C),<br>21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Bank Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **AYODEJI ESOSA OMOKORE** ▮ ▮▮▮▮▮▮▮▮▮▮▮▮ were residents of Maryland.

2. Navy Federal Credit Union, PNC Bank, JPMorgan Chase & Co., and Citibank, N.A., were financial institutions as defined in 18 U.S.C. § 20 (hereinafter, the "financial institutions") and had physical branches, teller windows, and employees in Maryland and elsewhere.

3. An "account mule" was an individual whose bank account was used to deposit illegally acquired checks and proceeds.

### The Conspiracy

4. Beginning at least in or about August 2021, and continuing through at least in or about December 2022, in the District of Maryland and elsewhere, the defendants,

**AYODEJI ESOSA OMOKORE**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit bank fraud, that is, to execute and attempt to execute a scheme and artifice to defraud the financial institutions, and to obtain and attempt to obtain monies, funds, credits, assets, and securities owned by and under the custody and control of the financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

### Manner and Means of the Conspiracy and Scheme to Defraud

It was part of the conspiracy and scheme to defraud that:

5. ▓▓▓ OMOKORE ▓▓▓ communicated regarding the negotiation of over 40 altered and fraudulent checks, with a face value of over $2.4 million.

6. ▓▓▓ OMOKORE ▓▓▓ recruited and caused the recruitment of account mules.

7. ▓▓▓ OMOKORE ▓▓▓ collected, and caused the collection of, banking information belonging to account mules.

8. ▓▓▓ OMOKORE ▓▓▓ altered, and caused to be altered, personal checks to reflect payment to account mules.

9. ▓▓▓ OMOKORE ▓▓▓ altered, and caused to be altered, business checks to reflect payment to account mules.

10. ▓▓▓ OMOKORE ▓▓▓ deposited, and caused the deposit of, altered and fraudulent checks into bank accounts belonging to account mules at financial institutions.

11. ▓▓▓ posted on his public social media account photos of the deposit receipts of altered and fraudulent checks into bank accounts belonging to account mules at financial institutions.

12. ▓▓▓ OMOKORE ▓▓▓ obtained, and caused to be obtained, the proceeds from altered and fraudulent checks by engaging in various monetary transactions to withdraw the proceeds, by way of, without limitation, cash advances at casinos, ATM withdrawals, peer-to-peer financial transfers, and the purchase of postal money orders.

18 U.S.C. § 1349

## COUNTS TWO THROUGH FIVE
(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 and 5 through 12 of Count One of this Indictment are incorporated here and constituted a scheme and artifice to defraud the financial institutions, and to obtain money and property from the financial institutions, by means of materially false and fraudulent pretenses, representations, and promises and material omissions (the "scheme to defraud").

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant(s) listed below knowingly executed, and attempted to execute, a scheme and artifice to defraud the financial institutions listed below, and to obtain any of the monies, funds, credits, assets, and other property owned by and under the custody and control of the financial institutions, by means of false and fraudulent pretenses, representations, and promises and material omissions, to wit:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | DESCRIPTION |
|---|---|---|---|
| 2 | February 9, 2022 | ▮ | Deposited, and caused to be deposited, a fraudulent version of Check 408484, in the amount of approximately $72,580, into an account opened in Maryland. |
| 3 | April 20, 2022 | OMOKORE | Deposited a fraudulent version of Check 052780, in the amount of approximately $28,500, at Navy Federal Credit Union in Accokeek, Maryland. |
| 4 | October 25, 2022 | OMOKORE | Deposited a fraudulent version of Check 2053773, in the amount of approximately $51,733.72, from a victim located in Prince Frederick, Maryland. |

| 5 | December 8, 2022 | **OMOKORE** | Deposited a fraudulent version of Check 599120, in the amount of approximately $52,005.33, into an account opened in Maryland. |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT SIX
### (Conspiracy to Commit Money Laundering)

The Grand Jury for the District of Maryland further charges that:

### Introduction

1. Paragraphs 1 through 3 and 5 through 12 of Count One are incorporated here.

### The Conspiracy

2. Beginning at least in or about August 2021, and continuing through at least in or about December 2022, in the District of Maryland and elsewhere, the defendants,

**AYODEJI ESOSA OMOKORE**

did knowingly combine, conspire, and agree with each other, and others known and unknown to the Grand Jury, to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity—to wit, bank fraud in violation of 18 U.S.C. § 1344—while knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means of the Money Laundering Conspiracy

3. ▇▇▇ OMOKORE ▇▇▇ disbursed, and caused to disburse, the proceeds from altered and fraudulent checks by way of, without limitation, conducting cash advances at casinos, withdrawing sums of money at ATMs, and purchasing postal money orders, all to promote bank fraud conspiracy and other criminal conduct, and to hide true ownership and

disguise the nature, source, and control of those assets.

18 U.S.C. § 1956(h)

## COUNTS SEVEN THROUGH NINE
(Money Laundering)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 3 and 5 through 12 of Count One of this Indictment are incorporated here.

2. On or about the dates set forth below, in the District of Maryland and elsewhere, the defendant(s) listed below did knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, involving the proceeds of specified unlawful activity—that is, bank fraud, in violation of 18 U.S.C. § 1344—knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity and that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | DESCRIPTION |
|---|---|---|---|
| 7 | November 20, 2021 | ■■■■■ | Withdrew a cash advance of approximately $10,000 of bank fraud proceeds from a mule account at a casino in Hanover, Maryland. |
| 8 | November 21, 2021 | ■■■■■ | Withdrew a cash advance of approximately $10,486 of bank fraud proceeds from a mule account at a casino in Oxon Hill, Maryland. |
| 9 | December 9, 2021 | OMOKORE | Withdrew a cash advance of approximately $10,352.95 of bank fraud proceeds from a mule account at a casino in Hanover, Maryland. |

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2

8

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' conviction on Counts One through Nine of the Indictment.

### Bank Fraud Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One through Five, the defendants,

**AYODEJI ESOSA OMOKORE**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, and, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the scheme to defraud, including, but not limited to, a money judgment for each defendant representing the proceeds he obtained from his participation in the scheme to defraud.

### Money Laundering Forfeiture

3. Upon conviction of any of the offenses set forth in Counts Six through Nine, the defendants,

**AYODEJI ESOSA OMOKORE**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real and

9

personal, involved in such offenses, and any property traceable to such property, including, but not limited to, a money judgment for each defendant equal to the value of the property, real and personal, obtained by the defendant and involved in the money laundering offenses.

### Substitute Assets

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to, or deposited, with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value;

    e. has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Kelly O. Hayes/MSM_
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: August 14, 2025